1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUTH CAMEL ESTATE,                          No.  2:22–cv–645–KJM–KJN PS

12              Plaintiff,                        ORDER GRANTING IFP REQUEST AND
                                                  GRANTING LEAVE TO AMEND
13        v.
                                                  (ECF No. 2.)
14   SHIRLEY NASH WEBER, et al.,

15              Defendants.

16

17         Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21         However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

25   court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

26   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27
     _____
28   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

2

**i.      Subject Matter Jurisdiction and Frivolity**

3        The court must dismiss a case if, at any time, it determines that it lacks subject matter

4   jurisdiction.  Rule 12(h)(3).[2]  A federal district court generally has original jurisdiction over a

5   civil action when: (1) a federal question is presented in an action "arising under the Constitution,

6   laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the

7   amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Further, a plaintiff

8   must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that

9   may be redressed in court.  Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

10       Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial,

11  implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit

12  as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S.

13  83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction

14  over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit");

15  see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018)

16  (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates

17  under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it

18  lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A

19  court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

20  or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

21

**ii.     Federal Notice Pleading and a Complaint's Failure to State a Claim**

22       Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the

23  court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

24  entitled to relief; and (3) a demand for the relief sought, which may include relief in the

25  alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule

26  8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)

27

28

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1    ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

2    litigation on the merits of a claim.").

3          A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

4    relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a

5    cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix,

6    Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a

7    complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

8    recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

9    555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action,

10    supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678

11    (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

12    claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff

13    pleads factual content that allows the court to draw the reasonable inference that the defendant is

14    liable for the misconduct alleged." Id.

15          When considering whether a complaint states a claim upon which relief can be granted,

16    the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

17    (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.

18    Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true

19    "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

20    or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.

21    CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

22          Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

23    (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is

24    to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

25    appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31

26    (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be

27    given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

28    ///

3

<u>**Analysis**</u>

Here, plaintiff's complaint is handwritten and difficult to decipher.  As best the court can tell, plaintiff alleges that a number of California state employees, including the current Secretary of State, have failed to return "property (USPS Money Orders) identity documents."  (ECF No. 1 at 5.)  Plaintiff checks the box for "federal question jurisdiction" and underlines the United States Constitution, but provides no further legal detail about what specific claims she intends to assert, much less what specific acts each of the seven defendants took regarding her documents.  Aside from this, the complaint appears to contain a number of wholly irrelevant statements and frivolous assertions.  (See Id.)

Here, without more factual content about the actions of each defendant in relation to her documents, the court cannot determine whether plaintiff has a plausible claim against any of the named defendants.  Iqbal, 556 U.S. at 678.  Further, many of the statements in the columns and additional pages only distract from the court's analysis, and are contrary to Rule 8's requirement that each allegation be "simple, concise, and direct."  Rule 8(d).  Finally, the court is concerned that the facts, as written, may be "so insubstantial . . . as not to involve a federal controversy. Steel Co., 523 U.S. at 89.

If plaintiff intends to raise claims under the U.S. Constitution via 42 U.S.C. Section 1983, she should indicate which right was allegedly violated.  Graham v. Connor, 490 U.S. 386, 393–394 (1989) ("Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred."); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (noting that to state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States).  Further, constitutional claims brought under 42 U.S.C. Section 1983 are individualized, and must focus on the specific act or acts taken by the state actor.  Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (reminding that an officer "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts

by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury."); <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (noting the causation inquiry "must be <u>individualized</u> and focus on the duties and responsibilities of <u>each</u> individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (emphasis added).

In light of the fact that plaintiff is without counsel in this action, and because it is at least conceivable that plaintiff could allege additional facts to state a constitutional claim, the court finds it appropriate to grant plaintiff an opportunity to amend her complaint. <u>See</u> <u>Lopez</u>, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

## <u>STANDARDS FOR AMENDMENT</u>

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 10 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing. Plaintiff may include any communications, letters, or documents received by defendants if those documents help illustrate what actions were taken by defendants in this case;
iii. clearly identify the actions each defendant took, alongside arguments why those actions allegedly violated the law
iv. include a statements for jurisdiction, venue, and relief sought as is necessary;
v. refrain from alleging redundant, immaterial, impertinent, or scandalous matters (including many of the statements included in the margins on the original complaint; and
vi. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If

plaintiff determines she is unable to amend the complaint in compliance with the court's order at this time, she may instead file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Such a notice should be filed within 28 days of this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  April 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

came.645