UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH CAMEL ESTATE,<br><br>            Plaintiff,<br><br>       v.<br><br>SHIRLEY NASH WEBER, et al.,<br><br>            Defendants. | No.  2:22–cv–645–KJM–KJN PS<br><br>ORDER DENYING REQUEST TO SEAL<br><br>(ECF No. 6.) |

Plaintiff, who is proceeding without counsel in this action, filed a complaint and requested leave to proceed without paying the filing fee.[1] (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  The undersigned granted plaintiff's request, screened the complaint under Section 1915, found it lacking, and granted leave for plaintiff to file a first amended complaint.  (ECF No. 4.)  On April 22, plaintiff submitted her first amended complaint ("1AC") to the Clerk of Court, but filed alongside it a request to seal the 1AC.  (ECF No. 6.)  Thus, the Clerk held the 1AC until the undersigned could review plaintiff's request to seal.

For the reasons that follow, plaintiff's request is denied.

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**DISCUSSION**

Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing . . . ." E.D. Local Rule 141(b).

The court starts "'with a strong presumption in favor of access to court records,'" Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Plaintiff has not identified legal authority that supports sealing of the first amended complaint. Instead, it appears plaintiff merely wishes to keep the filing from "the public and press." (ECF No. 6.) This is not a compelling reason to seal the amended complaint. Center for Auto Safety, 809 F.3d at 1096. Given this, Local Rule 140(e)(1) requires the Clerk to return the documents to plaintiff. Plaintiff may refile the first amended complaint as is, or may make alterations to it and file a new version (which shall be labeled "first amended complaint"). Plaintiff has until May 15, 2022, to file the amended complaint, should she choose to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal (ECF No. 6) is DENIED; and

2. The Clerk shall RETURN to plaintiff the first amended complaint.

Dated: April 25, 2022

came.645

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2