UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH CAMEL ESTATE, | No.  2:22–cv–645–KJM–KJN PS |
| Plaintiff, | SECOND ORDER GRANTING LEAVE TO AMEND |
| v. | (ECF No. 8.) |
| SHIRLEY NASH WEBER, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  The court granted plaintiff's motion, screened plaintiff's complaint, noted deficiencies, and granted plaintiff leave to amend.  (ECF No. 4.)  Therein, the court provided plaintiff with standards for amendment, so that the court can gauge whether plaintiff has potential claims against defendants.  (See Id.)  Critically, the court noted a number of wholly irrelevant statements and frivolous assertions, and informed plaintiff that she should focus on describing the specific acts each defendant took and what law(s) the action allegedly violates.  (Id.)

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

After the court denied plaintiff's request to file her first amended complaint under seal, she submitted the first amended complaint before the deadline. (ECF No. 8.) The court has a continuing duty to screen pleadings under 28 U.S.C. Section 1915 and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Unfortunately, plaintiff failed to heed the court's order regarding her first amended complaint. Instead of focusing on the facts and circumstances of each defendant's alleged wrongful acts, plaintiff's ten-page complaint is almost entirely a collection of meaningless statements, Latin phrases, and frivolous requests. The only facts the undersigned gleans from plaintiff's filings is that there are certain employees of the State of California, including (the court believes?) the current Secretary of State Shirley Nash Weber, who allegedly are in possession of documents and USPS Money Orders belonging to plaintiff. However, the court is wholly unaware of the circumstances of defendants' possession. What are the documents? Who took possession of the documents? Why and how did this person come into possession of the documents and money order(s)? Did plaintiff send them to defendants? Were defendants supposed to return the documents to plaintiff? What specific law(s) did the person allegedly violate when taking possession or refusing to return the documents to plaintiff? These are facts needed so the court can understand whether plaintiff has any plausible claims against any defendant. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Further, the court has an independent duty to make sure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Subject matter jurisdiction generally lies via federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. Sections 1331 and 1332. It is apparent diversity jurisdiction cannot

be the basis of plaintiff's complaint, as she and defendants are residents of California. See 28 U.S.C. § 1332 (requiring complete diversity of the parties, which is based on the state of residence). Further, the court sees no basis for federal jurisdiction in the first amended complaint. Plaintiff continually refers to constructive trusts, accounting, breach of fiduciary duties—none of which are federal claims. Thus, as written, the first amended complaint does not appear to allege subject matter jurisdiction, which would require dismissal. United Investors, 360 F.3d at 967.

Given plaintiff's prior inability to follow the court's instructions to provide clear facts indicating she has plausible claims, the undersigned is concerned that further leave to amend may be futile. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). However, out of an abundance of caution, and in light of the fact that plaintiff is without counsel in this action, the court finds it appropriate to grant plaintiff one final opportunity to amend her complaint. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

**STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "Second Amended Complaint";
ii. be limited to 4 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing. Plaintiff may include any communications, letters, or documents received by defendants if those documents help illustrate what actions were taken by defendants in this case;
iii. focus on the **facts and circumstances of defendants' alleged actions**, and **why those actions have violated some federal law**;
iv. refrain from alleging redundant, immaterial, impertinent, or scandalous matters (including all Latin phrasing, statements about the Crown and English Chancery, conclusory statements that defendants are aware of their actions, and the like); and
v. address any other pleading deficiencies outlined in the court's prior order and this order.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

3

amended complaint supersedes the original complaint, and once filed, previous complaints no longer serve any function in the case.

Finally, nothing in this order requires plaintiff to file a second amended complaint. If plaintiff determines she is unable to amend in compliance with the court's order at this time, she may instead file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Such a notice should be filed within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

2. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  May 4, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

came.645