UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH CAMEL ESTATE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY NASH WEBER, et al.,<br><br>　　　　Defendants. | No.  2:22–cv–645–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Plaintiff proceeds without counsel in this action, and was previously granted permission to proceed in forma pauperis ("IFP").[1]  (ECF No. 2, 3.)  The undersigned screened plaintiff's complaint under 28 U.S.C. § 1915, noted deficiencies, and twice granted plaintiff leave to amend with instructions for amendment.  Plaintiff filed her second amended complaint but, as before, plaintiff's latest filing fails to make out the required allegations indicating the court has subject matter jurisdiction over the matter.  Thus, the undersigned recommends the complaint be dismissed.  Further, given plaintiff's failures to cure the deficiencies, the undersigned recommends no further leave to amend be granted, the complaint be dismissed without prejudice, and the case be closed.

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; and E.D. Cal. L.R. 302(c)(21).  Resolution of dispositive matters by a magistrate judge are to be filed as findings and recommendations.  See Local Rule 304.

1

**DISCUSSION**

The court must dismiss a case if at any time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, each of plaintiff's three filings have been vague and at times unintelligible. Nevertheless, the undersigned attempted to liberally construe the filings and offer citations to case law in the areas where plaintiff appeared to be focusing. Some of the court's citations concerned the need for a complaint to state facts to indicate plaintiff has plausible claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Other caselaw cited by the court instructed plaintiff on the need for a complaint to focus on simple and concise allegations and omit immaterial statements. See Fed. R. Civ. P. 8(a). Critically, however, the undersigned has pointed plaintiff to governing statutes and caselaw concerning a federal court's subject matter jurisdiction. Despite these citations, plaintiff's filings continue to miss the mark.

Plaintiff's original filing checked the "federal question jurisdiction" box, but the complaint stated no federal claims. Instead, this filing merely cited to Article III, Section II of the U.S. Constitution. (ECF No. 1.) Nevertheless, given that it was possible plaintiff could state a claim, the undersigned granted plaintiff leave to amend and provided her with potentially relevant caselaw. (ECF No. 4.) Plaintiff's first amended complaint was originally returned to her, as she attempted to file it under seal without a legal basis to do so. (See ECF No. 7.) Plaintiff then filed the first amended complaint, but it suffered from the same infirmities as the original complaint.

1  (See ECF No. 8.)  Plaintiff continued to cite to Article III Section II as the basis of federal
2  jurisdiction, but tellingly labeled her complaint as one for "declaratory judgement, imposition of a
3  constructive trust/involuntary trust, a full accounting, breach of a fiduciary duty, and breach of the
4  public trust."—all state-law claims against California state employees.  (Id. at 4-5.)  Despite the
5  indication that plaintiff may be attempting to raise state-law claims only, the undersigned
6  provided plaintiff another opportunity to amend so she could state, among other things, either a
7  federal claim or allegations of diversity.  (ECF No. 10.)

8        The currently-operative second amended complaint falls back on the assertion that subject
9  matter jurisdiction exists under Article III Section II of the Constitution.  (ECF No. 11 at 2.)
10 Plaintiff mentions diversity jurisdiction, but nowhere is an amount in controversy alleged.  More
11 importantly, her filings indicate she lives in California and defendants are California state
12 employees.  See 28 U.S.C. § 1332 (requiring complete diversity of citizenship and an amount in
13 controversy exceeding $75,000); see also Adams v. W. Marine Prod., Inc., 958 F.3d 1216, 1221
14 (9th Cir. 2020) (citizenship is determined by their state of domicile, or "permanent home—that is,
15 where (i) she resides, (ii) "with the intention to remain or to which she intends to return")
16 (citations omitted).  Further, the second amended complaint continues to focus on state law.
17 (ECF No. 11 at 2-3 (allgeging fraud and breaches of a trust).)  "The presence or absence of
18 federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
19 that federal jurisdiction exists only when a federal question is presented on the face of the
20 plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987);
21 see also, e.g., Avery v. GE Auto Ins. Program, 243 F. App'x 268, 269 (9th Cir. 2007) ("The
22 district court also properly found no federal question jurisdiction because [plaintiff's] action,
23 which alleged . . . breach of fiduciary duties, bad faith, unfair and deceptive practices, [and] fraud
24 . . ., does not arise 'under the Constitution, laws, or treaties of the United States.'") (citing 28
25 U.S.C. § 1331); Myers v. Jones, 2002 WL 31689404, at *1 (N.D. Cal. Nov. 22, 2002) (noting that
26 although plaintiff checked the box for federal question jurisdiction, claims for fraud do not
27 "state[] a cause of action under federal law or turn on some construction of federal law" and so
28 "must be adjudicated in state court.").

3

Thus, the undersigned recommends dismissal without prejudice. Given plaintiff's three failures to state claims granting the court subject matter jurisdiction, the undersigned recommends no further leave to amend be given, as it appears futile. Cahill., 80 F.3d at 339. This leaves plaintiff with the ability to take whatever state-law claims she might have to a California Superior Court.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

came.645